IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRACIELA GUTIERREZ, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. [*_____*] |
| | § | |
| REDI-MIX CONCRETE LP, | § | |
| Defendant. | § | |

PLAINTIFF, GRACIELA GUITIRREZ'S, ORIGINAL COMPLAINT
AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Graciela Gutierrez, hereinafter called Plaintiff, complaining of and about Redi-Mix Concrete LP, hereinafter called Defendant, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1. Plaintiff Graciela Gutierrez is a citizen of the United States and the State of Texas and resides in Tarrant County, Texas.

2. Defendant Redi-Mix may be served by serving its registered agent, its officer at Corporate Creations Network Inc. 2425 W Loop South #200, Houston, TX 77027 USA.

**JURISDICTION**

3. The action arises under the Family Medical Leave Act, breach of contract, and the Fair Labor Standards Act as hereinafter more fully appears.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

**NATURE OF ACTION**

1

5.      This is an action under 29 U.S.C. Section 2601 et. seq. to correct violations of the Family Medical Leave Act. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce).

6.      This is also an action for unpaid minimum wages and contract damages brought by Plaintiff on behalf of herself and others who were employed by Defendant in its concrete operations for the past 3 years. Plaintiff seeks money damages to redress these violations of law.

## CONDITIONS PRECEDENT

7.      All conditions precedent to jurisdiction have occurred or been complied with: Plaintiff has been employed for at least 12 months by Redi-Mix and before her termination had worked at least 1,250 hours for Redi-Mix in the last 12-month period before she was terminated.

## FACTS

7.      Redi-Mix Concrete provides a variety of services in connection with its sale of ready mix-concrete products, and employees over 75 people in the Dallas/Fort Worth area.

8.      At all relevant times, Redi-Mix engaged in interstate commerce.

9.      Redi-Mix hired Plaintiff Graciela Gutierrez in approximately 2014 as a Concrete Customer Service Representative in the Dispatch Department, and Ms. Gutierrez spent her time on the phone assisting delivery operations for large construction projects in the Dallas/Fort Worth area.

10.      Redi-Mix often praised her work during her employment.

11.      On or about July 10, 2017, Ms. Gutierrez had surgery to correct a chronic

gastrointestinal issue that caused severe pain. Ms. Gutierrez had prior surgery related to the same issue in approximately April of 2017 and had missed more than 3 days of work.

12. On July 26, 2017, Ms. Gutierrez returned to work because her doctor released her with instructions that if she was in pain or was bleeding, she should request breaks or to go home if her symptoms were severe. She did, in fact, begin bleeding but continued to work until July 29, 2017, and required time off from July 30, 2017 through August 7, 2017.

13. At Redi-Mix's request, Ms. Gutierrez provided multiple documents related to her surgery and her doctor's post-operative work instructions. Despite this, when Ms. Gutierrez returned to work Johnny Davila, who is based in Redi-Mixes Dallas office, called Ms. Gutierrez into his office with her direct supervisor. Mr. Davila demanded more "proof" of her surgery, and Ms. Gutierrez explained that she had provided information from her treating doctor regarding her restrictions, and no other paperwork had been provided to her from Redi-Mix to complete. In fact, Ms. Gutierrez had specifically requested any paperwork the company wanted her to complete to have her surgery and recovery covered by the Family Medical Leave Act from Human Resources but was told that her health condition did not qualify but was not given any further explanation.

14. Ms. Gutierrez was further told that with the doctor's note, which requested breaks or that she be allowed to go home if she experienced pain/bleeding, that she could not work and should go home. Although she had a work release from her doctor, she was not allowed to return to work.

15. Ms. Gutierrez repeatedly tried to follow-up but was completely ignored by Redi-Mix. In fact, Redi-Mix never notified her that she was terminated – Ms. Gutierrez simply received a COBRA notice in the mail stating her "qualifying event" e.g., termination, occurred

on September 15, 2017.

16.     Redi-Mix had ample notice of Plaintiff's serious health condition and interfered with her statutory rights to FMLA and retaliated against Plaintiff by terminating her employment for requesting FMLA coverage for qualifying absences.

17.     Prior to her termination, at the time Redi-Mix hired her it compensated Plaintiff on a "strait-time" basis without paying all required overtime.

18.     Redi-Mix represented to Plaintiff that she was overtime exempt, when in fact she was not based on her job duties.

19.     In November of 2016, Redi-Mix changed Plaintiff's classification from exempt to overtime eligible. However, Redi-Mix did not keep accurate records of all the time Plaintiff worked and failed to pay her overtime for all eligible hours as required under the FLSA.

20.     Redi-Mix also failed to pay Plaintiff for all hours worked, and Plaintiff has yet to receive compensation for a number of hours that she worked.

## FAMILY MEDICAL LEAVE ACT

21.     Defendant, Redi-Mix, interfered, restrained, or denied Plaintiff her rights under the Family Medical Leave Act.

22.     Defendant, Redi-Mix, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of the Family Medical Leave Act.

23.     Plaintiff alleges that Defendant, Redi-Mix, willfully discriminated and interfered with Plaintiff's rights under the Family Medical Leave Act.

4

**CLASS ALLEGATIONS**

**Fair Labor Standards Act**

24.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Plaintiff will seek certification of Count I of this action to be maintained by the named Plaintiff as a collective opt-in representative action, for and on behalf of herself and other customer service employees who have been or will in the future be damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges willfulness on the part of Defendant and asserts a three-year statute of limitations under the FLSA. Count III seeks liquidated damages under the FLSA, §260.

**COUNT I**
**(Violations of the FLSA, 29 U.S.C. § 201, *et. seq.* and**
**the Portal-to-Portal Act, 29 U.S.C. § 251 *et. seq.*)**

25.     Plaintiffs incorporate and realleges paragraphs 1-20 above as paragraphs 1-20 of this Count, as though fully set forth herein.

26.     Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act 29 U.S.C. §251 *et seq.,* the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours and time actually worked and are entitled to wages at a rate not less than their regular rate of pay for all hours worked up to 40 hours in a workweek and one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

27.     Plaintiffs are entitled to compensation for time worked performing principal activities integral and indispensable to the performance of Plaintiffs' jobs as required by Redi-Mix performed by Plaintiffs and not properly paid as recounted herein.

28.     These integral work activities were performed for the benefit of Redi-Mix and constituted work for which Plaintiffs were entitled to be compensated in accordance with the FLSA including their regular rate of pay for hours worked up to 40 in a workweek and time and one half their regular rate of pay after their 40th hour of work in a workweek.

29.     This compensable work time was spent performing their regular duties as required by Redi-Mix.

30.     Defendant failed to pay Plaintiffs compensation for all time worked in violation of the FLSA and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.* and relevant regulations including 29 C.F.R. § 790.8.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

a)      awarding back pay against Defendant equal to the amount of all unpaid straight, regular and overtime compensation for the two (2) years preceding the filing of this Complaint;

b)      finding Defendant's actions as alleged herein to have been willful, and award compensation for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitation;

c)      awarding an additional equal amount as liquidated damages;

d)      awarding Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

e)      for such additional relief as the Court deems appropriate under the circumstances.

### COUNT II
### (**Willful Violations of the FLSA, 29 U.S.C. § 201, *et. seq.* and the Portal-to-Portal Act, 29 U.S.C. § 251 *et. seq.*)**

31.     Plaintiffs incorporate and reallege paragraphs 1-20 above as paragraphs 1-20 of this count, as though fully set forth herein.

6

32.     Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act 29 U.S.C. §251 *et seq.,* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours actually worked and are entitled to wages at a rate not less than their regular rate of pay for all hours worked up to 40 hours in a workweek and one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

33.     Defendant's acts complained of herein were willful and intentional, in that Defendant knew or should have known that the pay practices described above violated the FLSA. Therefore, Plaintiffs are entitled to wages at a rate not less than their regular rate of pay for all hours worked up to 40 hours in a workweek and one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the three (3) years preceding the filing of this action.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

a)      awarding back pay against Defendant equal to the amount of all unpaid regular and overtime compensation for an additional year, making three (3) years in total preceding the filing of this Complaint;

b)      awarding Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

c.)     for such additional relief as the Court deems appropriate under the circumstances.

### COUNT III
### (Liquidated Damages under the FLSA)

34.     Plaintiffs incorporate paragraphs 1 through 33.

35.     Defendant is engaged in commerce within the meaning of 29 U.S.C. § 203(b).

36. Defendant's conduct in denying Plaintiffs and all those similarly situated compensation for all hours worked and then, in turn, failing to pay those hours when applicable at a rate of one and one-half times for hours worked over forty in a workweek, was not based upon good faith or reasonable grounds.

37. Plaintiffs and all past and present employees similarly situated are entitled to liquidated damages equal to the amount of unpaid straight time and overtime compensation pursuant to 29 U.S.C. § 260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

a.) an award of liquidated damages equal to the amount of all unpaid overtime compensation;

b.) Costs of this action and attorneys' fees pursuant to 29 U.S.C. § 216(b); and

c.) Such other relief as this Court deems just and appropriate.

## DAMAGES

19. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

b. Back pay from the date that Plaintiff was terminated and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

c. All reasonable and necessary costs incurred in pursuit of this suit;

d. Expert fees as the Court deems appropriate;

e.   Front pay in an amount the Court deems equitable and just to make Plaintiff whole; and

f.   Loss of benefits.

## LIQUIDATED DAMAGES

20.   Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed willfully. Plaintiff also seeks recovery from Defendant for liquidated damages.

## SPECIFIC RELIEF

21.   Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a.   Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful actions of Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Graciela Gutierrez, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; liquidated damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,


By:  /s/ *Edith K. Thomas*

Edith K. Thomas
Texas Bar No. 24060717
E-Mail:  edith@ediththomaslaw.com
777 Main Street
Suite 600
FORT WORTH, TX 76102
Tel. (888) 760-0149
Fax. (972) 692-7988
Attorney for Plaintiff
Graciela Guitirrez


**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**